IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA BETZEL, RONALD REED, SARA ENGIMANN, MILES BENNETT HOGERTY,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO POLICE OFFICERS ANGELO GALLEGOS (#14570), MICHAEL WILSON (#17643), DAVID FLOYD (#13262), CHRISTOPHER BIELFELDT (#63), SHEAMUS MANNION (#115), SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO,<br><br>Defendants. | Case No. 1:23-cv-02247<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**JOINT MOTION TO SEVER PLAINTIFFS PURSUANT TO RULE 20(a)**

NOW COMES Plaintiffs, Alexandra Betzel, Ronald Reed, Sara Engimann and Miles Bennett Hogerty, and Defendants, Chicago Police Officers Angelo Gallegos (#14570), Michael Wilson (#17643), David Floyd (#13262), Christopher Bielfeldt (#63), and Sheamus Mannion (#115), and the City of Chicago, and former Superintendent David Brown, (collectively "the Parties") by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 20(a), for their Joint Motion to Sever Plaintiffs, state as follows:

**INTRODUCTION**

This action was originally filed before this Court on November 19, 2020 as part of an omnibus matter arising from the George Floyd protests that occurred in Chicago, Illinois during the summer of 2020, which included the instant Parties, fifty-six other plaintiffs and fifty-four other defendant officers. *See Wilger v. City,* No. 20-cv-0685 (N.D. Ill.). On September 1, 2022,

the plaintiffs and defendants in the omnibus matter filed a Joint Motion to Sever Pursuant to Rule 20(a) Certain Allegations and Plaintiffs in Plaintiffs' Fourth Amended Complaint requesting the Court to sever the parties into eighteen separate cases based upon date, time and location of the protests. *See id.* at Dkt. 127. On April 6, 2023, this Court entered an Order granting the parties' Joint Motion to Sever in part and severed the omnibus matter into fifteen severed cases. *See id.* at Dkt. 142. The Court severed Plaintiffs Betzel, Reed, Engimann, and Hogerty from the omnibus matter and consolidated them into this instant case for purposes of judicial economy. *Id.*

In this current action, the Parties now request this Court to sever Plaintiffs' claims (and the corresponding Defendants) as follows:

1. Plaintiff: Alexandra Betzel
   Defendant Officer: Angelo Gallegos (#14570)
   Defendants Superintendent David Brown and City of Chicago

2. Plaintiffs: Sara Engimann and Miles Bennett Hogerty
   Defendant Officers: Christopher Bielfeldt (#63) and Sheamus Mannion (#115)
   Defendants Superintendent David Brown and City of Chicago

3. Plaintiff: Ronald Reed
   Defendant Officers: David Floyd (#13262) and Michael Wilson (#17643)
   Defendants Superintendent David Brown and City of Chicago

The Parties further request that the Executive Committee order groups one and two above be assigned new case numbers pursuant to Rule 20(a) in order to efficiently resolve the Plaintiffs' separate claims and keep group three under the current case number (Case No. 1:23-cv-02247) but assign a new caption (*i.e., Ronald Reed v. David Floyd, et al.*).

## ARGUMENT

It is well understood that "[t]he decision of whether to sever a case 'lies within the trial court's sound discretion….'" *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 694 (N.D.

2

Ill. 2009) (citing *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)). Federal Rules of Civil Procedure 20 (joinder) and 21 (motions to sever) jointly govern such situations. *Id.*; *see also*, *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (stating that "[a]lthough Rule 21 does not set forth a standard for proper joinder, courts have applied the permissive joinder requirements of Rule 20(a)"). Rule 20(a) permits permissive joinder when the joined cases contain both "a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences" and "a question of law or fact common to all the plaintiffs." *Id.*

To analyze whether joinder is proper, courts employ "a case-by-case approach … because no hard and fast rules have been established" as to when parties or claims should be severed. *Bailey*, 196 F.R.D. at 515. Courts rely on several factors, including the time-period of the allegations, the relatedness of the allegations to one another, whether the allegations are a different type, whether the same persons were involved, the geographical locations of the allegations, and whether a unifying policy is alleged. *See, McDowell*, 645 F. Supp. 2d at 694 (detailing the same factors above in the employment context). Furthermore, courts also consider relevant factors of judicial policy such as "the convenience and fairness to parties…[,] the claim's separability in logic and law…[,] justice[,] and [whether severance would] facilitate the prompt and efficient disposition of the litigation." *Bennett v. Sch. Directors of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996) (citing *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976)).

To this end, courts interpret Rule 20 "liberally to achieve its purpose and exercise 'wide discretion' in deciding whether to sever a party.'" *Lozada*, 2010 WL 3487952, *2 (citing *Gorence v. Eagle Food Ctr., Inc.*, No. 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). Rule

3

20's purpose is "'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Bailey*, 196 F.R.D. at 515 (citing *Gorence*, 1996 WL 734955, at *3). "Misjoinder occurs when the parties fail to satisfy either of the requirements for permissive joinder under Rule 20." *McDowell*, 645 F. Supp. 2d at 694. At this point, "Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party." *Id.*

Here, while Plaintiffs' claims occurred in similar locations, their claims occurred at different times and involved different individuals and occurrences. The Parties request this Honorable Court sever Plaintiff Betzel's claims and Plaintiffs Engimann's and Hogerty's claims from Plaintiff Reed's claims, and that the Executive Committee order the assignment of new case numbers based upon the groupings enumerated above, to facilitate the prompt and efficient disposition of the litigation of groups one and two. This proposal will ensure the Plaintiffs' individual claims can be resolved in a judicially efficient manner.

Defendants agree to waive assertion of the statute of limitations based solely on the refiling of Plaintiffs Betzel's and Plaintiffs Engimann's and Hogerty's severed claims (but reserve the right to raise such defense on any other possible grounds). As no additional parties or claims are being added to Plaintiffs Betzel's and Plaintiffs Engimann's and Hogerty's severed claims, the Parties further request that the filing fee be waived for the newly numbered separate action.

## CONCLUSION

WHEREFORE, pursuant to Rule 20(a), Plaintiffs, Alexandra Betzel, Ronald Reed, Sara Engimann and Miles Bennett Hogerty, and Defendants, Chicago Police Officers Angelo Gallegos (#14570), Michael Wilson (#17643), David Floyd (#13262), Christopher Bielfeldt (#63), and Sheamus Mannion (#115), and the City of Chicago, and former Superintendent David Brown, jointly ask this Court to enter an order at this time severing Plaintiffs Betzel's and Plaintiffs

4

Engimann's and Hogerty's claims from Plaintiff Reed's claims, and their corresponding Defendants, and assign Plaintiff Betzel a new case number, assign Plaintiffs Engimann and Hogerty a new case number, waive any filing fee for the refiling of Plaintiff Betzel's claims and Plaintiffs Engimann's and Hogerty's claims, and for any other relief this Court deems to be proper.

Dated: June 28, 2024                              Respectfully Submitted:


                                                  By: /s/ Hilary L. Jabs
                                                  Special Assistant Corporation Counsel

                                                  Timothy P. Scahill
                                                  tscahill@borkanscahill.com
                                                  Steven B. Borkan
                                                  sborkan@borkanscahill.com
                                                  Whitney N. Hutchinson
                                                  whutchinson@borkanscahill.com
                                                  Graham P. Miller
                                                  gmiller@borkanscahill.com
                                                  Hilary L. Jabs
                                                  hjabs@borkanscahill.com
                                                  Special Assistants Corporation Counsel
                                                  BORKAN & SCAHILL, LTD
                                                  20 South Clark Street, Suite 1700
                                                  Chicago, IL 60603
                                                  (312) 580-1030

                                                  *Counsel for Officer Defendants*

                                                  By: /s/ Richard Hu
                                                  Special Assistant Corporation Counsel

                                                  Richard Hu
                                                  rhu@taftlaw.com
                                                  Bianca Ciarroni
                                                  bciarroni@taftlaw.com
                                                  Paul Coogan
                                                  pcoogan@taftlaw.com
                                                  Joan Ahn
                                                  Jahn@taftlaw.com
                                                  Special Assistants Corporation Counsel
                                                  TAFT STETTINIUS & HOLLISTER LLP

111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 527-4000

***Counsel for City of Chicago and former Superintendent David Brown***

/s/ Ben H. Elson
Ben H. Elson, Brad J. Thomson,
Janine Hoft, Nora Snyder, and
Hakeem Muhammad
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-5932

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576

***Counsel for Plaintiffs***